IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDI L. SMITH,<br>*Plaintiff*,<br><br>            v.<br><br>HOLY FAMILY UNIVERSITY,<br>*Defendant*. | CIVIL ACTION NO. 2:21-cv-2700-MMB |

MEMORANDUM OF DECISION

**BAYLSON, J.**                                                                                                                       June 30, 2023

## I.    INTRODUCTION

In this case the Plaintiff, Ms. Wendi Smith ("Smith"), brought claims under the Americans with Disabilities Act ("ADA") against her former employer, the Defendant Holy Family University ("Holy Family"), alleging that Holy Family terminated her job as a full-time teacher at its school of nursing because of her having multiple sclerosis and as a form of retaliation based on her request for work accommodations. After a week-long jury trial held in May 2023, which included several testifying witnesses and many controversies of fact raised from either side, the jury found for Smith on the discrimination and retaliation claims. The jury awarded Smith compensatory damages of $200,000 and punitive damages of $50,000.[1]

This memorandum of decision concerns certain post-trial motions of the parties. Holy Family has filed a renewed motion for judgment as a matter of law under Rule 50(b) seeking dismissal of Smith's ADA claims. In its motion, Holy Family argues that Smith did not present sufficient evidence to support her claims or her award of punitive damages.

---

[1] The jury found for the defense on a separate breach of contract claim.

1

Likewise, Smith has filed a motion for award of backpay, seeking a total backpay award of $230,541. Holy Family opposes the backpay motion, arguing that the Plaintiff's calculation covers too large a period and contains line items that should not be included.[2]

For the reasons set forth below, the Court will deny Holy Family's 50(b) motion and will grant in part Smith's motion for backpay.

## II.    FACTS AND PROCEDURAL HISTORY

Smith filed this action against Holy Family on June 16, 2021. Over the course of two years, the case endured several discovery motions, including motions for sanctions, some for which the Court rendered decisions. Holy Family then moved for summary judgment, which the Court ultimately denied because of the "many disputes of material fact as to [the] essential elements [of Plaintiff's claims]." See 2/9/2023 Order Re Summary Judgment (ECF 58) at 1. In its Order, the Court also held that Smith was not estopped by the U.S. Supreme Court's ruling in Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795 (1999), and could assert her ADA claims despite Holy Family's argument that Smith's statements to both the government and her insurers about her health condition were inconsistent. The parties filed several motions in limine, for which the Court held oral argument and subsequently ruled on from the bench. See 5/3/2023 Order Re Motions In Limine (ECF 84). The Court also granted—"[r]ecognizing the liberal amendment of pleadings" and the lack of prejudice toward Holy Family—Smith's motion for leave to amend her complaint over Holy Family's opposition, permitting Smith to present "undue burden" evidence based on the issue being raised in discovery and despite its absence in the original complaint. See 5/11/2023 Order (ECF 98) at 1-2.

---

[2] Smith has also filed an application for attorney's fees and expenses, which is not yet ripe before the court.

An in-person jury trial was held, beginning on May 15, 2023 and concluding on May 17, 2023. The eight-person jury reviewed many documents and heard testimony from several witnesses, including Ms. Smith, her physician, and several Holy Family employees. At the close of evidence, Holy Family moved to dismiss Smith's claims as a matter of law, which the Court denied. After deliberation, the jury rendered a verdict in favor of Ms. Smith and awarded the compensatory and punitive damages mentioned above.

Now before the Court are two of the parties' respective post-trial motions, which have been fully briefed and are ripe for the Court.

### III. DISCUSSION

#### A. Defendant's 50(b) Motion

Following the conclusion of the defense's case and close of all evidence, Holy Family moved the Court to dismiss Smith's case for lack of evidence based on the Court's discretion under Rule 50(a) of the Federal Rules of Civil Procedure. After raising the motion, Holy Family stated its arguments on the record, and the Court did not grant the motion. Now, as it is permitted to do under Rule 50(b), Holy Family has timely filed its Renewed Motion for Judgment as a Matter of Law, seeking dismissal of Smith's claims for lack of evidence.

"JMOL under [Rule 50] is appropriate only where, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find liability." Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 568 (3d Cir. 2002) (internal quotations omitted).

##### 1. Plaintiff Presented Sufficient Evidence to Support Discrimination

First, Holy Family argues that Smith failed to present sufficient facts that she could perform the essential functions of her job. To establish a prima facie case under the ADA, a

plaintiff must show, among other things, that "she is [] qualified to perform the essential function of the job." Taylor v. Phoenxville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999). Holy Family relies heavily on the testimony of Dr. Ternopolska, Smith's physician, to contend that Smith was not capable of teaching the amount of credit hours required for full-time faculty members according to Holy Family's staff policy, which was 24 credit hours per academic year. Def. Mot. (ECF 117) at 8-9. Holy Family references instances from Ternopolska's testimony that, based on her appraisal of Smith's condition during the case period, she "would not have felt comfortable" with Smith teaching more than six credit hours per semester and feared doing so would aggravate her symptoms, as well as Ternopolska's medical inquiry form which indicated that Smith was unable to work twelve credit hours per semester. Id. at 9. Holy Family also argues that Smith sought to "rewrite" the essential functions of her job on order to better prevail on her claims, which Holy Family contends is improper under the law.

But Holy Family does not cite any Third Circuit precedent where a district court granted judgment as a matter of law for a defendant because the court found that an allegedly discriminated-against plaintiff disagreed with the defendant as to what the essential work functions of her job were. Holy Family relies on the Third Circuit's decision in Walton v. Mental Health Ass'n of Southeastern Pennsylvania, 168 F.3d 661 (3d Cir. 1999), to argue that the court should determine the question of whether a plaintiff was able to perform the essential functions of her job, where the plaintiff has "rewritten" those essential functions at trial. Holy Family went as far to argue to the Court at the oral argument that Walton should guide the Court's determination that Smith could not perform the essential functions of her job, and that therefore Smith has failed to meet her burden under the statute.

In Walton, the Third Circuit affirmed the district court's decision to grant summary judgment to the defendant in an ADA case where the plaintiff claimed she had been discriminated against based on her obesity. Plaintiff Walton, who was a director of a program that provided job placement for mental health patients, was terminated from her job after taking 125 days of sick leave over the course of three-and-a-half years. Defendant MHASP, an advocacy organization for people with mental illness, only provided 18 sick days per year for their employees. Importantly, in granting summary judgment for MHASP, the district court rejected, Walton's argument that her preferred accommodation, extended leave without pay, which MHASP refused to allow for Walton before firing here, was a reasonable accommodation.

The Third Circuit panel analyzed, among other things, whether the district court erred in its ruling on Walton's reasonable accommodation argument. The panel noted that the district court had concluded that Walton had made a facial showing that unpaid leave was a reasonable accommodation, but that MHASP had in turn successfully showed that such an accommodation would place an undue burden on its programs through "sufficient uncontroverted evidence." In affirming the district court's conclusion, the panel stated that while unpaid leave may be reasonable if requested only for a temporary period, "[a] blanket requirement that an employer allow such leave is beyond the scope of the ADA when the absent employee simply will not be performing the essential functions of her position."

The Court does not find this case to be precedential, let alone persuasive. Rather, it is off-topic and fact-specific. It is also does not take into account that a jury has rendered a verdict that includes a finding that the plaintiff *was* able to perform the essential functions of her job. The Court will not undercut the jury's findings in this respect—once the case has proceeded to trial, it is the determination of the jury, not of the Court or the parties, as to what the essential

functions of the plaintiff's job were and whether the plaintiff was capable of performing those functions. The jury heard from the doctor, observed the evidence, and made its determination, and the Court finds that, viewing the evidence in the light favorable to the non—movant, nothing from Dr. Ternopolska's testimony or other evidence makes this determination legally insufficient. See B. Braun Melsungen AG v. Terumo Med. Corp., 778 F.Supp.2d 506, 512 (D. Del. 2011) (Stark, J.) ("The court may not evaluate the credibility of the witnesses, may not weigh the evidence, and may not substitute its view of the evidence for the jury's view.").

Holy Family also argues that Smith failed to present sufficient evidence to show that it had failed to offer her a reasonable accommodation. See Taylor, 184 F.3d at 311 ("[A]n employer commits unlawful discrimination under the ADA if the employer does not make reasonable accommodations. . . ."). Holy Family cites to several non-precedential cases in support of its argument and that tend to show that employers need not extend further than necessary in their offerings to ADA-eligible employees, including above and beyond part-time work. Def. Mot. at 13-15. Holy Family also references testimony from the trial showing it was willing to offer Smith a part-time position within the parameters suggested by Dr. Ternopolska. Further, Holy Family argues that the accommodation requested by Smith posed an undue burden.

Again, Holy Family has failed to present an argument worthy of judgment as a matter of law. The jury did not think that the accommodations requested by Smith presented an undue burden, and Holy Family does not cite to any binding precedent where the district court granted a 50(b) motion based on similar facts. Holy Family's argument that the accommodation would "amount to indefinite leave" was clearly rejected by the jury based on the voluminous testimony and evidence presented at trial regarding Smith's class schedules and her needs to continue teaching despite her MS. See Laguna v. Chester Housing Auth., 616 F.Supp.3d 462, 469 (E.D.

6

Pa. 2022) (McHugh, J.) ("Under some circumstances, a leave of absence for medical treatment may constitute a reasonable accommodation under the ADA.") (citing Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 151 (3d Cir. 2004)).  While it may be true that Smith is not entitled by law to a full-time position, Smith is not precluded from requesting it.

The same reasoning goes for why Holy Family's argument that Smith presented insufficient evidence to support discrimination fails.  Holy Family does not cite any binding precedent or present persuasive argument as to the sufficiency of the evidence that would warrant the Court to overturn the jury's verdict.  Def. Mot. at 15-17.

### 2. Plaintiff Presented Sufficient Evidence to Support Retaliation Claim

Holy Family also argues that the Court should dismiss Smith's retaliation claim as a matter of law.  "[W]e analyze ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII."  Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).  "To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."  Id.  "If an employee establishes a prima facie case of retaliation under the ADA, the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action."  Id.

Holy Family argues that Smith presented no evidence of an adverse employment action against her.  Holy Family cites to non-precedential opinions tending to stand for that an employer's failure to offer an accommodation cannot be used as evidence for a retaliation claim.  Def. Mot. at 21.  But even if the Court took this legal stance here, Smith presented much more evidence at trial that would tend to support a retaliation claim, including that Smith was

7

terminated.  Holy Family might argue *post hoc* that Smith was not terminated, and has indeed done so and presented its own version of the facts in its post-trial briefing, but this factual issue was just one of the many factual issues in dispute that the jury took into account in its deliberations.  The same goes for Holy Family's argument that the retaliation claim was "duplicative" of Smith's discrimination claim.  There was enough evidence for a reasonable jury to find that Smith was not only discriminated against due to her MS, but was fired because she "opposed an[] act or practice made unlawful by the ADA."  See Krouse, 126 F.3d at 500.

### 3. Plaintiff Presented Sufficient Evidence to Support Award of Punitive Damages

Holy Family argues that the evidence presented at trial was insufficient to support the jury's award of punitive damages to Smith.  Holy Family contends that it took good-faith efforts to satisfy the needs of Smith as they tried to negotiate Smith's continued employment with the limitations imposed by her MS.  Holy Family references several excerpts from its witnesses where they testified that they cared about Smith and that they sought to treat Smith fairly throughout the entire chain of events.  Def. Mot. at 18-19.

"Punitive damages are available under the ADA when 'the complaining party demonstrates that the respondent engaged in a discriminatory practice ... with malice or with reckless indifference.'"  Gagliardo, 311 F.3d at 573 (quoting 42 U.S.C. § 1981a(b)(1) (2000)).  "These terms focus on the employer's state of mind and require that 'an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law.'"  Id. (quoting Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535–36 (1999)).

Smith testified that she requested accommodations for her physical ailments from the MS in the form of office chairs and modified schedules, but that Holy Family was uncooperative and overly delayed negotiating any of these requests, let alone implementing them in a way that

8

would actually help Smith. See Gagliardo, 311 F.3d at 573 (denying JMOL on plaintiff's ADA punitive damage award because plaintiff presented evidence that defendant refused to act on her multiple requests for accommodations). There was testimony at trial that Holy Family was aware of Smith's MS and the limitations it presented as to Smith's ability to travel from building to building where her classes were scheduled on campus and her ability to give lectures to students. The jury clearly felt that the way in which Holy Family treated Smith was with an indifference arising to at least recklessness, and the Court finds that there was sufficient evidence produced at trial to support that finding.

### B. Plaintiff's Motion for Award of Back Pay

In some instances, a plaintiff who prevails on their ADA claim may be entitled to back pay on top of their compensatory award. See Eshelman v. Agere Sys., Inc., 554 F.3d 426, 440-41 (3d Cir. 2009); Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 315 (3d Cir. 2006) ("Back pay is available to a successful Title VII plaintiff under the Civil Rights Act of 1964."). This award is not a jury question, as "we have treated back pay as a form of equitable relief awarded at the discretion of the court." Spencer, 469 F.3d at 315 (citation omitted). Back pay is a separate and non-duplicative award from a plaintiff's compensatory damage award. Id. at 316 (citation omitted). "The court may estimate what a claimant's earnings would have been without discrimination, and uncertainties are resolved against a discriminating employer." Durham Life Ins. Co. v. Evans, 166 F.3d 139, 156 (3d Cir. 1999).

Smith asserts that she is owed a total of $224,390 plus interest in lost back pay as a result of Holy Family's violation of the ADA. Plf. Reply Br. (ECF 124) at 10. She calculates this number by combining her lost salary from the 2020-2021 academic year, her lost salary from the 2021-2022 academic year, her lost compensation for summer credits in between, payments made

9

on her COBRA medical insurance and out-of-pocket medical expenses, missed sick pay, and life insurance costs, and then subtracting the money she made as a research assistant at Villanova University from 2020-2022. Plf. Mot. (ECF 116) at 2. Then, she adds to that amount the difference in expected tax liability she believes she would be assessed based on her receiving a lump sum award, coming to the final number. Smith made a few changes to her original final number in response to the arguments made by Holy Family, contained in Smith's Reply brief.

The Court finds that Smith is entitled to a back pay award, but not in the amount that she is requesting. The Court finds that in as much as the jury's award of compensatory damages was approximately one-half of what Smith sought, the Court will carry that percentage over to the calculation of backpay and start with an award of 50% of the amount Smith requests for the years 2020-2022, subtracting the mitigated damages from the salary Smith collected as a research assistant at Villanova University.

Regarding Smith's alleged health insurance premium overages based on her COBRA membership from 2020-2022, the Court finds Holy Family's argument persuasive that Smith's original calculation did not take into account the premium she would have paid had she remained employed there. Def. Resp. Br. (ECF 120) at 12. Smith's argument that Holy Family's reliance on the testimony of employee testimony and not from the insurance carrier does not cure her own failure to present evidence of the insurance premium she would've paid had she remained employed at Holy Family.

The Court rejects awarding back pay for the difference in tax brackets as somewhat speculative and not accounting for the reality of Smith's liability for any federal income taxes. See Hare v. Potter, 549 F.Supp.2d 688, 695 (E.D. Pa. 2007) (Rice, M.J.) (refusing to award back pay where such damages were "speculative"); see also Bigelow v. RKO Radio Pictures, 327 U.S.

251, 264 (1946) ("[T]he jury may not render a verdict based on speculation or guesswork."). This is also the case for the proposed sick pay addition from Smith, which Smith argues she would have used had she continued to be employed by Holy Family from 2020-2022.

With these modifications, the Court will award back pay to Smith in the amount of $71,573.88. The Court's calculations are below:

a. ½ of 2020-2022 HFU Salary minus Villanova Salary = $52,658.00

b. COBRA Insurance Premium minus HFU Insurance Premium 2020-2022 = $10,623.88

c. Copays due to Lack of Coverage = $7,703

d. Life Insurance Premiums = $589

e. Final Back Pay Amount = $71, 573.88

## IV. CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's 50(b) motion and will grant with modifications the Plaintiff's motion for award of back pay in the amount of $71,573.88.

An appropriate order follows.